**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        v.

BRYAN PALMER, a/k/a Jamel
Washington,
        *Defendant-Appellant.*

No. 02-4542

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-29)

Submitted: November 26, 2002

Decided: April 10, 2003

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bryan Palmer sold crack cocaine to a confidential informant on two occasions and was arrested as he was on his way to sell crack to the informant for a third time. A loaded handgun was under the driver's seat of his car. He was charged with three counts of drug trafficking and two federal firearms offenses. He pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count 5), and using and carrying a firearm in a drug trafficking crime, 18 U.S.C. § 924(c) (2000) (Count 4). Palmer received a 70-month term of imprisonment for the § 922(g)(1) conviction and a consecutive 60-month term for the § 924(c) offense. He appeals his sentence, arguing, first, that the district court erred in applying the cross reference in *U.S. Sentencing Guidelines Manual* § 2K2.1(c)(1)(A) (2001) when it calculated the offense level for the § 922(g)(1) count and, second, that even if application of the cross reference was permissible, it should not have been applied in his case. We affirm.

The guideline sentence for a § 924(c) offense is the minimum sentence prescribed by the statute, *see* USSG § 2K2.4(a)(2), in this case 60 months, *see* 18 U.S.C. § 924(c)(1)(A)(i). With regard to the § 922(g)(1) count, the base offense level was 20 because Palmer had a prior drug conviction.[1] USSG § 2K2.1(a)(4)(A). No enhancement was made for use or possession of the firearm in connection with another felony under USSG § 2K2.1(b)(5) because the weapon that Palmer possessed in the course of the drug trafficking charge, the offense underlying the § 924(c) charge, was the basis for the possession of a firearm by a felon charge. *See* USSG § 2K2.4, comment. (n.2) ("If the . . . weapon that was possessed . . . in the course of the

---

[1]The underlying offenses for the § 922(g)(1) felon in possession offense were: a 1991 New York assault conviction and a 1999 New York drug conviction.

underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(5) (pertaining to the possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement."). Application Note 2 directs that the § 924(c) sentence "accounts for the conduct covered by [the enhancement under § 2K2.1(b)(5)] because of the relatedness of that conduct to the conduct that forms the basis for the conviction under the [§ 924(c)] conviction." *Id.*

While the court did not make any firearm enhancements, it applied, over Palmer's objection, the cross reference in § 2K2.1(c)(1)(A), which directs that "[i]f the defendant used or possessed any firearm in connection with the commission or attempted commission of another felony offense," § 2X1.1 (Attempt, Solicitation or Conspiracy) should be applied with respect to the other offense if the resulting offense level is greater than the offense level otherwise determined under § 2K2.1. Section 2X1.1 provides that the base offense level and any adjustments are taken from the guideline for the substantive offense. Palmer's substantive "other offense" was drug trafficking. The court determined that he was responsible for at least 4.18 grams of crack. Palmer's base offense level was thus increased to 24. USSG § 2D1.1(c)(8) [4-5 grams of crack]. With a three-level adjustment for acceptance of responsibility, USSG § 3E1.1, Palmer's final offense level was 21. Palmer was in criminal history category V, which gave him a guideline range of 70-87 months for the § 922(g)(1) offense. He received the minimum sentence of seventy months, to be followed by the mandatory consecutive sixty-month term for the § 924(c) count.

On appeal, Palmer renews his challenge to the application of the cross reference, arguing that Amendment 599, which in 2000 amended Application Note 2 to § 2K2.4, prohibits the sentencing court from enhancing a § 922(g)(1) sentence for use of the firearm in connection with another offense. We review the district court's legal interpretation of a guideline de novo. *United States v. Souther*, 221 F.3d 626, 628 (4th Cir. 2000).

Palmer argues that Application Note 2 to § 2K2.4, in its current form, prohibits application of the cross reference in § 2K2.1(c)(1)(A) for use or possession of a firearm in connection with another offense

when the defendant is also convicted of violating § 924(c) because the cross reference covers the same conduct as that covered by § 2K2.1(b)(5), an enhancement which is specifically prohibited in § 2K2.4. In his view, the same reasons the Sentencing Commission put forward for excluding the enhancement under § 2K2.1(b)(5) "compel the conclusion" that the Sentencing Commission did not intend to allow use of the cross reference to compromise its purpose for the amendment. We disagree. Application Note 2 specifically prohibits a weapon enhancement under § 2K2.1(b)(5), but does not prohibit application of the cross reference in § 2K2.1(c)(1)(A). The Sentencing Commission could have, but did not, prohibit application of the cross reference in cases such as Palmer's.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*